**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
PAUL D. COTSONIS, Nevada State Bar No. 8786
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
               pcotsonis@theurbanlawfirm.com
*Counsel for Plaintiffs/Counter Defendants Trusts and*
*Third-Party Defendant current and former Trustees*
*Marielle "Apple" Thorne, Phil Jaynes, and Ronald Poveromo*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST, <br><br>Plaintiffs, <br><br>vs. <br><br>BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company, <br><br>Defendants. | CASE NO: 2:23-cv-00149-RFB-DJA <br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIM AND TRUSTEES MARIELLE "APPLE" THORNE, PHIL JAYNES AND RONALD POVEROMO ANSWER TO THIRD-PARTY COMPLAINT** |

1

| | |
|---|---|
| 1 | BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company, |
| | Counterclaimants, |
| | TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST, |
| | Counter-defendants, |
| | BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company, |
| | Third-Party Plaintiffs, |
| | INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, a Labor Organization; MARIELL "APPLE" THORNE, an individual; PHIL JAYNES, an individual; and RONALD POVEROMO, an individual, |
| | Third-Party Defendants. |

COMES NOW Plaintiff/Counter-defendants, TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST ("PENSION TRUST"); TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST ("WAGE AND DISABILITY TRUST"); and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST ("TRAINING TRUSTS") (hereinafter collectively "Plaintiff/Counter-defendants" or "Trusts"), and Third-Party Defendants, MARIELL "APPLE" THORNE ("THORNE"); PHIL JAYNES ("JAYNES"); and RONALD POVEROMO ("POVEROMO") (collectively "Third-Party Defendants" or "Trustees") (Trusts and Trustees collectively "Answering Parties"), by and through their attorneys, The Urban Law Firm, hereby files this Answer to Defendants' Counterclaim and Answer to Third-Party Plaintiffs' Complaint as follows:

## ANSWER TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

### JURISDICTION

1. As to the allegations contained in Paragraph 1 of the Counterclaim/Third-Party Complaint, the Answering Parties admit this Court has jurisdiction to these Complaints, Counterclaims and Third-Party Complaints. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

### VENUE

2. As to the allegations contained in Paragraph 2 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Venue is proper in this district. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering

3

Parties' admission, the Answering Parties deny same.

## THE PARTIES

3. As to the allegations contained in Paragraph 3 of the Counterclaim/Third-Party Complaint, the Answering Parties admit **BIG FIN VEGAS, LLC** is an entity existing by the virtue of the laws in the State of Nevada, with its principal place of business in Las Vegas, Nevada and was owned and managed by Michael Finocchiaro. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

4. As to the allegations contained in Paragraph 4 of the Counterclaim/Third-Party Complaint, the Answering Parties admit **BIG FIN 720, LLC** is an entity existing by the virtue of the laws in the State of Nevada, with its principal place of business in Las Vegas, Nevada and was owned and managed by Michael Finocchiaro. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

5. As to the allegations contained in Paragraph 5 of the Counterclaim/Third-Party Complaint, the Answering Parties admit **BIG FIN PRODUCTIONS, LLC** is an entity existing by the virtue of the laws in the State of Nevada, with its principal place of business in Las Vegas, Nevada and is owned and managed by Michael Finocchiaro. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

6. As to the allegations contained in Paragraph 6 of the Counterclaim/Third-Party Complaint, the Answering Parties admit **BIG FIN INTERNATIONAL, LLC** is an entity existing by the virtue of the laws in the State of Nevada, with its principal place of business in Las Vegas, Nevada and is owned and managed by Michael Finocchiaro. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

7. As to the allegations contained in Paragraph 7 of the Counterclaim/Third-Party Complaint, the Answering Parties admit the Trusts are express trusts created pursuant to written

4

Declarations of Trust ("Trust Agreements") between the Nevada Resort Association and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720 ("Local 720") and are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

8. As to the allegations contained in Paragraph 8 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Local 720 has been a labor organization representing employees in the entertainment industry in Southern Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

9. As to the allegations contained in Paragraph 9 of the Counterclaim/Third-Party Complaint, the Answering Parties admit THORNE is a trustee of the PENSION TRUST and is a resident of Clark County. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

10. As to the allegations contained in Paragraph 10 of the Counterclaim/Third-Party Complaint, the Answering Parties admit JAYNES is a trustee of the TRAINING TRUST, and a resident of Clark County, Nevada. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

11. As to the allegations contained in Paragraph 11 of the Counterclaim/Third-Party Complaint, the Answering Parties admit POVEROMO is a former trustee of the PENSION TRUST. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

12. As to the allegations contained in Paragraph 12 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny

the truth of the allegations and therefore, deny same.

13. As to the allegations contained in Paragraph 13 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

**NATURE OF COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

14. As to the allegations contained in Paragraph 14 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation contained therein.

**FACTUAL BACKGROUND**

15. As to the allegations contained in Paragraph 15 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

16. As to the allegations contained in Paragraph 16 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

17. As to the allegations contained in Paragraph 17 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

18. As to the allegations contained in Paragraph 18 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

19. As to the allegations contained in Paragraph 19 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

20. As to the allegations contained in Paragraph 20 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

21. As to the allegations contained in Paragraph 21 of the Counterclaim/Third-Party Complaint, the Answering Parties admit POVEROMO is a signatory to the Labor Agreement

between Big Fin Vegas, LLC and International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists, and Allied Crafts of the United States, Its Territories and Canada Local 720 Las Vegas, Nevada (hereinafter "Local 720"). To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

22. As to the allegations contained in Paragraph 22 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

23. As to the allegations contained in Paragraph 23 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Finocchiaro is a signatory to the Labor Agreement between Big Fin 720, LLC and Local 720. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

24. As to the allegations contained in Paragraph 24 of the Counterclaim/Third-Party Complaint, the Answering Parties admit RubinBrown, a certified public accounting firm retained by the Trusts, sent correspondence dated March 26, 2020, to Big Fin 720, LLC and Big Fin Vegas, LLC regarding an audit of these entities and requesting documentation from those entities as well as from Big Fin Productions, LLC and that Finocchiaro sent an undated "To Whom It May Concern" letter referencing closing Big Fin 720's office in March 2019 due to Covid 19. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

25. As to the allegations contained in Paragraph 25 of the Counterclaim/Third-Party Complaint, the Answering Parties admit the Trusts' counsel sent Finocchiaro a letter dated March 18, 2021, following up on RubinBrown's request to produce documents and giving him until March 31, 2021, to respond. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

26. As to the allegations contained in Paragraph 26 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Finocchiaro asserted that the labor agreement between

Local 720 and Big Fin Vegas, LLC executed on or about August 9, 2019, was a "one-off" agreement long after execution of the agreement to one or more Trustees in or around May of 2021. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

27. As to the allegations contained in Paragraph 27 of the Counterclaim/Third-Party Complaint, the Answering Parties admit that Finocchiaro and Thorne exchanged email correspondences regarding Finocchiaro's assertion that the labor agreement between Local 720 and Big Fin Vegas, LLC was a "one-off" agreement in May 2021. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

28. As to the allegations contained in Paragraph 28 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Thorne advised Finocchiaro that the agreements between Local 720 and Big Fin 720, LLC and Big Fin Vegas, LLC were proper and enforceable agreements. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

29. As to the allegations contained in Paragraph 29 of the Counterclaim/Third-Party Complaint, the Answering Parties admit of a letter purporting to be from Enrico Grippo and dated June 4, 2021, that asserts that a labor agreement signed in 2019 was meant as a "one-off" and not a 5-year term CBA (hereinafter "Grippo letter"). To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

30. As to the allegations contained in Paragraph 30 of the Counterclaim/Third-Party Complaint, the Answering Parties admit the Grippo letter was forwarded to Thorne and Jaynes. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

31. As to the allegations contained in Paragraph 31 of the Counterclaim/Third-Party Complaint, the Answering Parties admit RubinBrown sent a letter dated May 2, 2022, to Finocchiaro notifying him that RubinBrown was retained to perform a payroll audit of Big Fin International,

LLC, and requesting certain documents to perform said audit. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

### FIRST COUNTERCLAIM/FIRST THIRD-PARTY COMPLAINT CLAIM FRAUD IN THE EXECUTION/FRAUDULENT MISREPRESENTATION/FRAUD

32. As to the allegations contained in Paragraph 32 of the Counterclaim/Third-Party Complaint, the Answering Parties incorporate their answers to paragraphs 1 through 31 as though fully set forth herein.

33. As to the allegations contained in Paragraph 33 of the Counterclaim/Third-Party Complaint, the allegations therein are procedural statements as to whom the First Counterclaim/Third-Party Complaint Claim is against requiring no answer, but to the extent they do contain allegations requiring an answer, the Answering Parties deny same.

34. As to the allegations contained in Paragraph 34 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

35. As to the allegations contained in Paragraph 35 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

36. As to the allegations contained in Paragraph 36 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

37. As to the allegations contained in Paragraph 37 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

38. As to the allegations contained in Paragraph 38 of the Counterclaim/Third-Party Complaint, the Answering Parties are without sufficient knowledge or information to admit or deny the truth of the allegations and therefore, deny same.

39. As to the allegations contained in Paragraph 39 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Thorne and Jaynes were made aware of the Grippo letter by Finocchiaro in or around June of 2021. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

40. As to the allegations contained in Paragraph 40 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Thorne and Jaynes are Trustees to the Trusts and Poveromo was formerly a Trustee. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

41. As to the allegations contained in Paragraph 41 of the Counterclaim/Third-Party Complaint, the Answering Parties admit the Trusts retained RubinBrown to perform an audit of Big Fin Vegas, LLC and Big Fin Productions, LLC with notice of the audit being sent to Big Fin Vegas, LLC, by letter dated March 24, 2020. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

42. As to the allegations contained in Paragraph 42 of the Counterclaim/Third-Party Complaint, the Answering Parties admit the Trusts retained RubinBrown to perform an audit of Big Fin International, LLC based on its belief Big Fin 720, LLC and Big Fin Vegas, LLC were using Big Fin International, LLC as subterfuge to avoid contribution obligations with RubinBrown sending notification of the audit and requesting documents by letter dated May 2, 2022. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

43. As to the allegations contained in Paragraph 43 of the Counterclaim/Third-Party Complaint, the Answering Parties denies each and every one of them.

**SECOND COUNTERCLAIM/SECOND THIRD-PARTY COMPLAINT CLAIM**

**VIOLATION OF CIVIL RICO, 18 U.S.C. § 1962(c)**

44. As to the allegations contained in Paragraph 44 of the Counterclaim/Third-Party Complaint, the Answering Parties incorporate their answers to paragraphs 1 through 43 as though

fully set forth herein.

45. As to the allegations contained in Paragraph 45 of the Counterclaim/Third-Party Complaint, the allegations therein are procedural statements as to whom the Second Counterclaim/Third-Party Complaint Claim is against requiring no answer, but to the extent they do contain allegations requiring an answer, the Answering Parties deny same.

46. As to the allegations contained in Paragraph 46 of the Counterclaim/Third-Party Complaint, the allegations therein call for a legal conclusion requiring no answer, but to the extent they do contain allegations requiring an answer, the Answering Parties deny same.

47. As to the allegations contained in Paragraph 47 of the Counterclaim/Third-Party Complaint, the allegations therein call for a legal conclusion requiring no answer, but to the extent they do contain allegations requiring an answer, the Answering Parties deny same.

48. As to the allegations contained in Paragraph 48 of the Counterclaim/Third-Party Complaint, the Answering Parties admit Thorne, Jaynes and Poveromo are, or were at one time, trustees of one or more of the Trusts. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

49. As to the allegations contained in Paragraph 49 of the Counterclaim/Third-Party Complaint, the Answering Parties again, admit Thorne, Jaynes and Poveromo are, or were at one time, trustees of one or more of the Trusts. To the extent that this paragraph contains additional allegations and/or allegations inconsistent with the Answering Parties' admission, the Answering Parties deny same.

50. As to the allegations contained in Paragraph 50 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

51. As to the allegations contained in Paragraph 51 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

52. As to the allegations contained in Paragraph 52 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

53. As to the allegations contained in Paragraph 53 of the Counterclaim/Third-Party

1  Complaint, the Answering Parties deny each and every allegation therein.

2      54.    As to the allegations contained in Paragraph 54 of the Counterclaim/Third-Party
3  Complaint, the Answering Parties deny each and every allegation therein.

4      55.    As to the allegations contained in Paragraph 55 of the Counterclaim/Third-Party
5  Complaint, the Answering Parties deny each and every allegation therein.

### THIRD COUNTERCLAIM/THIRD THIRD-PARTY COMPLAINT CLAIM
### CIVIL CONSPIRACY

8      56.    As to the allegations contained in Paragraph 56 of the Counterclaim/Third-Party
9  Complaint, the Answering Parties incorporate their answers to paragraphs 1 through 55 as though
10 fully set forth herein.

11     57.    As to the allegations contained in Paragraph 57 of the Counterclaim/Third-Party
12 Complaint, the Answering Parties deny each and every allegation therein.

13     58.    As to the allegations contained in Paragraph 50 of the Counterclaim/Third-Party
14 Complaint, the Answering Parties deny each and every allegation therein.

### FOURTH COUNTERCLAIM
### ABUSE OF PROCESS

17     59.    As to the allegations contained in Paragraph 59 of the Counterclaim/Third-Party
18 Complaint, the Answering Parties incorporate their answers to paragraphs 1 through 58 as though
19 fully set forth herein.

20     60.    As to the allegations contained in Paragraph 60 of the Counterclaim/Third-Party
21 Complaint, the allegations therein are procedural statements as to whom the Fourth Counterclaim is
22 against requiring no answer, but to the extent they do contain allegations requiring an answer, the
23 Answering Parties deny same.

24     61.    As to the allegations contained in Paragraph 61 of the Counterclaim/Third-Party
25 Complaint, the Answering Parties admit to each and every allegation therein.

26     62.    As to the allegations contained in Paragraph 62 of the Counterclaim/Third-Party
27 Complaint, the Answering Parties deny each and every allegation therein.

28     63.    As to the allegations contained in Paragraph 63 of the Counterclaim/Third-Party

Complaint, the Answering Parties deny each and every allegation therein.

64. As to the allegations contained in Paragraph 64 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

65. As to the allegations contained in Paragraph 65 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

66. As to the allegations contained in Paragraph 66 of the Counterclaim/Third-Party Complaint, the Answering Parties deny each and every allegation therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' Counterclaim/Third-Party Complaint is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' Counterclaim/Third-Party Complaint is barred by the doctrine of laches and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' Counterclaim/Third-Party Complaint is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that pursuant to Defendants conduct that Defendants are estopped from seeking any claim(s) against Plaintiffs for damages or any other relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' Counterclaim/Third-Party Complaint must be dismissed as its alleged damages, if any, were caused by Defendants' own misconduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' allegations, and the resulting damages, if any, were the result of Defendants' own negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants knew or should have known all facts connected with Defendants' allegations and that Defendants voluntarily waived any rights or claims they may have had against Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are informed and believe that Defendants' Counterclaim/Third-Party Complaint fails to properly state a claim for relief.

### NINTH AFFIRMATIVE DEFENSE

That it has been necessary for this replying party to retain the services of an attorney to defend this action and is entitled to reasonable attorney's fees and costs.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, this Answering Party reserves the right to amend this Answer if subsequent investigation warrants.

**WHEREFORE**, the Answering Parties prays for relief as follows:

1. Defendant Counterclaimant/Third-Party Plaintiff takes nothing by virtue of this action and that the same be dismissed with prejudice;
2. For an award of Answering Parties' attorney's fees and costs incurred in the defense of this counterclaim/third-party complaint; and
3. For such other relief as this Court may deem just and proper.

Dated: April 10, 2023              **THE URBAN LAW FIRM**

*/s/ Paul D. Cotsonis*
MICHAEL A. URBAN, Nevada Bar No. 3875
PAUL D. COTSONIS, Nevada State Bar No. 8786
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
***Counsel for Plaintiffs/Counter Defendants Trusts and Third-Party Defendant current and former Trustees Marielle "Apple" Thorne, Phil Jaynes, and Ronald Poveromo***