**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
PAUL D. COTSONIS, Nevada State Bar No. 8786
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
              pcotsonis@theurbanlawfirm.com
*Counsel for Plaintiffs/Counter Defendants Trusts and Third-Party Defendant current and former Trustees Marielle "Apple" Thorne, Phil Jaynes, and Ronald Poveromo*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company, <br><br> Defendants. | CASE NO: 2:23-cv-00149-RFB-DJA <br><br> ~~PROPOSED~~ **DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **[SUBMITTED IN COMPLIANCE WITH LR 26-1(b)]** |

1

BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company,

                Counterclaimants,

TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST,

                Counter-defendants,

BIG FIN 720, LLC, a Domestic Limited-Liability Company; BIG FIN VEGAS, LLC, a Domestic Limited-Liability Company; BIG FIN PRODUCTIONS, LLC, a Domestic Limited-Liability Company; and BIG FIN INTERNATIONAL, LLC, a Domestic Limited-Liability Company,

                Third-Party Plaintiffs,

INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, a Labor Organization; MARIELL "APPLE" THORNE, an individual; PHIL JAYNES, an individual; and RONALD POVEROMO, an individual,

                Third-Party Defendants.

Plaintiff/Counter-defendants, TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST ("PENSION TRUST"); TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST ("WAGE AND DISABILITY TRUST"); and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST ("TRAINING TRUSTS") (hereinafter collectively "Plaintiffs/Counter-defendants" or "Trusts"), and Third-Party Defendants, MARIELL "APPLE" THORNE ("THORNE"); PHIL JAYNES ("JAYNES"); and RONALD POVEROMO ("POVEROMO") (collectively "Third-Party Defendants" or "Trustees") by and through their attorneys, The Urban Law Firm, and Defendants/Counterclaimants/Third-Party Plaintiffs BIG FIN 720, LLC, BIG FIN VEGAS, LLC, BIG FIN PRODUCTIONS, LLC, and BIG FIN INTERNATIONAL, LLC ("Defendants" or "Third-Party Plaintiffs"), by and through their attorneys, Kamer Zucker Abbott, hereby files the following Discovery Plan and Scheduling Order to the Court in compliance with Federal Rule of Civil Procedure 26 and Local Rule (hereinafter "LR") 26-1. Hereinafter Plaintiffs and Defendants shall be collectively referred to as "The Parties."

**Meeting of Counsel**

1. The Rule 26(f) meeting was held in this matter on April 27, 2023. The Parties' respective counsels have fully discussed this proposed discovery plan.

**Subjects of Discovery**

2. Discovery will be made on the claims asserted by Plaintiffs and Trustees and all defenses asserted by Defendants. Discovery will also be conducted on Defendants' counterclaims and Plaintiffs' defenses to those counterclaims. Discovery will be conducted on the claims asserted

by Third-Party Plaintiffs and all defenses asserted by Third-Party Defendants. Discovery will not be conducted in phases.

**Initial Disclosures**

3. The Parties will provide their initial disclosure statements and categories of documents to respective counsel on or before **May 11, 2023** by stipulation in accordance with Federal Rule of Civil Procedure 26(a)(1)(C).

**Issues Related to Disclosure or Discovery of Electronically Stored Information**

4. To the extent feasible, the parties agree that relevant electronically stored information, if any, will be exchanged by The Parties in paper or in PDF format. If usability or functionality is lost in such form of production, or if requested by any Party, the Parties agree to exchange original electronic files, if requested.

**Issues Relating to Claims of Privilege or Attorney Work Product**

5. The Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege.

**Limits on Discovery**

6. At this time, the parties agree that discovery will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the District Court without limitation or modification of the same.

**Discovery Cut-Off**

7. The Parties shall have until **September 11, 2023**, to conduct all discovery permissible pursuant to the Federal Rules of Civil Procedure. This date is 181 days after the Defendants first answered on March 14, 2023. (The original due date falls on a Sunday, therefore, the deadline is moved to the next judicial day that is not a Saturday, Sunday, or legal holiday).

**Amended Pleadings and Added Parties**

8. The Parties shall have until **June 13, 2023**, to file any motions to amend the pleadings or add parties which is 90 days before the discovery cut-off date of September 11, 2023, in accordance with LR 26-1(b)(2).

**Expert Disclosures**

9. Counsel for The Parties have agreed that all prospective expert witnesses shall be disclosed on or before **July 13, 2023**, which is 60 days before the discovery cut-off date of September 11, 2023, in accordance with LR 26-1(b)(3). All prospective rebuttal expert witnesses shall be disclosed on or before **August 14, 2023**. This date is 32 days after the initial expert disclosure date. (The original due date falls on a Saturday, therefore, the deadline is moved to the next judicial day that is not a Saturday, Sunday, or legal holiday).

**Dispositive Motions**

10. Counsel for The Parties have agreed that the last day for filing dispositive motions in this case shall be **October 11, 2023**, 30 days after the discovery cut-off date of September 11, 2023, in accordance with LR 26-1(b)(4).

**Joint Pretrial Order**

11. The Parties have agreed that the Joint Pretrial Order in this case shall be filed on or before **November 10, 2023**, 30 days after the dispositive motion deadline of October 11, 2023, in accordance with LR 26-1(b)(5). In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the date of the Court's decision on the last dispositive motion, in accordance with LR 26-1(b)(5).

**Pretrial Disclosures**

12. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order, pursuant to LR 26-1(b)(6).

**Alternative Dispute Resolution**

13. The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration, pursuant to LR 26-1(b)(7). If the court is willing, the Parties would like to utilize the Early Neutral Evaluation program of the Court or some other type of settlement conference as allowed by Local Rule 16-5 for this case. If not, the parties will continue discussion about the possibility of mediation.

**Alternative Forms of Case Disposition**

14. The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program pursuant to LR 26-1(b)(8). At this time, the parties do not consent to trial by a magistrate judge and do not believe this case is appropriate for the Short Trial Program because of the nature of the case and claims involved.

**Electronic Evidence**

15. The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations pursuant to LR 26-1(b)(9).

**Extension of Deadlines**

16. Pursuant to LR 26-3, requests to extend any deadline set herein must be received by the Court no later than 21 days before the expiration of the subject deadline. Any request made within 21 days of the subject deadline will be supported by a showing of good cause.

///
///
///
///
///
///
///

**Protective Orders and Judicial Intervention**

17. At this time, the parties do not anticipate the need for the entry of any Order from the Court pursuant to Fed. R. Civ. P. 26(c) or 16(b) and (c).

Dated: April 27, 2023

**THE URBAN LAW FIRM**

*/s/ Paul D. Cotsonis*
MICHAEL A. URBAN, Nevada Bar No. 3875
PAUL D. COTSONIS, Nevada State Bar No. 8786
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
*Counsel for Plaintiffs/Counter Defendants Trusts and Third-Party Defendant current and former Trustees Marielle "Apple" Thorne, Phil Jaynes, and Ronald Poveromo*

**KAMER ZUCKER ABBOTT**

By: */s/ R. Todd Creer*
R. Todd Creer #10016
Nicole A. Martin #13423
Dare E. Heisterman #14060
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102
Tel: (702) 259-8640
Fax: (702) 259-8646
*Attorneys for Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs*

**IT IS THEREFORE ORDERED** that the parties' stipulated discovery plan (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART.** The plan is **granted in part** regarding the discovery plan put forth by the parties. Their stipulated schedule as outlined herein shall govern discovery. The plan is **denied in part** regarding the parties' request for an Early Neutral Evaluation (ENE) or settlement conference. Regarding the ENE, that program is intended for employment discrimination actions arising under discrete statutes as outlined in Local Rule 16-6(a). This case does not appear to invoke any of the statutes outlined under Local Rule 16-6(a). And even if it did, to the extent the parties believe that their action falls under one or more of the statutes outlined in Local Rule 16-6(a), they must file a notice under Local Rule 16-6(b). To the extent the parties wish to conduct a settlement conference before the undersigned, they may separately move for a settlement conference.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: May 1, 2023

7